CLERK'S COPY

# IN THE UNITED STATES DISTRICT COURT FILED
# FOR THE DISTRICT OF NEW MEXICO AT ALBUQUERQUE NM

APR 2 1 1999

ROBERT M. MARCH
CLERK

EDWARD TIMOTHY GARCIA,

    Plaintiff,

v.      No. CIV-99-0198 JP/WWD

REED SMITH (Warden) WACKENHUT CORP.,
E. BRAVO (Associate Warden) WACKENHUT CORP.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(e), and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff will be required to show cause, in the form of an amended complaint, why his complaint should not be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,



1520-21 (10th Cir. 1992).

The complaint alleges that certain regulations or practices at the Lea County, New Mexico, Corrections Facility force inmates to choose between spending time in the day room and having unlimited access to toilet facilities. The day room has no toilets, and inmates are only allowed to return to their cells at hourly intervals. Double bunking of inmates allegedly aggravates this situation. As a result, one time when Plaintiff was in the day room and was denied access to a toilet, he "passed" on himself, causing him to suffer emotional injury. Furthermore, as "a result of dirty system caused by not being allowed to relieve myself when I have to," he claims to have suffered a physical injury in the form of a rash on his feet. Medical staff allegedly performed a blood test relating to this condition. The complaint seeks injunctive relief and damages.

Plaintiff's claims for damages may be barred under 42 U.S.C. § 1997e(e), which prohibits prisoners from filing claims for "mental or emotional injury...without a prior showing of physical injury." *Cf. Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999) (claims for injunctive relief not necessarily barred). Plaintiff states that medical tests have been performed, but he makes no connection between his foot rash and Defendants' restrictions on use of toilets. *Cf. Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976) ("diagnostic techniques or forms of treatment" are matters for medical judgment). Even assuming for purposes of this opinion that Plaintiff's embarrassment amounted to emotional injury, the complaint does not make a showing of physical injury.

Plaintiff's conclusory assertion of a connection between Defendants' conduct and an alleged physical injury does not support a § 1983 claim. Notwithstanding the rule of liberal reading of pro se pleadings, Plaintiff's claims must not be merely conclusory, *see Frazier v. DuBois*, 922 F.2d 560,

562 n.1 (10th Cir. 1990); *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir. 1968) (claims "do not become civil rights matters by generalized, not to mention unsupported, allegations...."), *quoted in Assoc. Fin. Serv. Co. of New Mexico, Inc. v. Rodriguez*, 28 F.3d 112, 1994 WL 209818 (10th Cir. 1994), and must have some minimal level of factual support. *See Frazier*, 922 F.2d at 562 n.1. Nonetheless, it is not patently obvious that it would be futile to allow Plaintiff to amend his complaint, *Hall*, 935 F.2d at 1109, stating with particularity the factual support for his claim that Defendants' regulations or practices caused the rash on his feet. Accordingly, Plaintiff will be allowed to amend his complaint

IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint stating with particularity the factual support for his claim that Defendants' regulations or practices caused the rash on his feet; failure to timely submit an amended complaint may result in dismissal of the complaint with prejudice without further notice to Plaintiff; and the Clerk is directed to send Plaintiff two copies of a form §1983 complaint with instructions.

UNITED STATES DISTRICT JUDGE